UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>PELICAN BAY STATE PRISON CORRECTIONAL OFFICER,<br><br>        Defendant. | Case No. 15-cv-05717-EMC<br><br>**ORDER TO SHOW CAUSE RE CONTEMPLATED DISMISSAL**<br><br>Docket Nos. 1, 2, 4 |

    Kenneth Smith, a prisoner at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He also has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A.    <u>Order To Show Cause Under § 1915(g)</u>

    A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that the court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th

1  Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as
2  strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not
3  alone warrant dismissal of the present action under § 1915(g).  *See Andrews*, 398 F.3d at 1121.
4  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation
5  of the order dismissing an [earlier] action, and other relevant information, the district court
6  determines that the action was dismissed because it was frivolous, malicious or failed to state a
7  claim."  *Andrews*, 398 F.3d at 1121.

8  *Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g),
9  by either the district court or the defendants, but also requires the prisoner to bear the ultimate
10 burden of persuasion that § 1915(g) does not bar pauper status for him.  *Andrews*, 398 F.3d at
11 1121.  *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires
12 the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g)
13 dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the
14 action. *Andrews*, 398 F.3d at 1120.  A dismissal under § 1915(g) means that a prisoner cannot
15 proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the
16 full filing fee at the outset of the action.

17 Mr. Smith is now given notice that the Court believes the following dismissals may be
18 counted as dismissals for purposes of § 1915(g):  First, *Smith v. Civil Judge*, N.D. Cal. Case No. C
19 00-1428 MHP, was dismissed for failure to state a claim upon which relief may be granted.
20 Second, *Smith v. Ms. Keen*, N.D. Cal. Case No. C 00-1614 MHP, was dismissed for failed to state
21 a claim upon which relief may be granted.  Third, *Smith v. Director San Francisco Greyhound Bus*
22 *Dept. Station*, N.D. Cal. Case No. C 09-1851 MHP, was dismissed for failure to state a claim upon
23 which relief may be granted.  Fourth, *Smith v. San Quentin State Prison*, N.D. Cal. Case No. C 09-
24 2381 MHP, was dismissed for failure to state a claim upon which relief may be granted.  The
25 Court made its evaluation of these cases based on the dismissal orders and docket sheets in them.
26 *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime
27 the actual court files may need to be consulted).
28 In light of these dismissals, and because Mr. Smith does not appear to be under imminent

2

1  danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later
2  than **May 6, 2016** why *in forma pauperis* status should not be denied and this action should not be
3  dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why the action
4  should not be dismissed, Mr. Smith may avoid dismissal by paying the full $400.00 filing fee by
5  the deadline.

6  B.  <u>Order To Show Cause Re. Duplicative Complaint</u>

7  The district court may dismiss an *in forma pauperis* complaint "'that merely repeats
8  pending or previously litigated claims.'"  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.
9  1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation
10  of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious);
11  *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not
12  an abuse of discretion where plaintiff had filed other similar complaints).

13  In addition to showing cause why *in forma pauperis* status should not be denied, Mr. Smith
14  must show cause why this action should not be dismissed as duplicative of an earlier action he
15  filed.  The complaint in this action appears to repeat the allegations in Mr. Smith's complaint in
16  *Smith v. Pelican Bay State Prison*, Case No. C 14-2162 EMC.  In both actions, Mr. Smith alleged
17  that he was sexually assaulted at Pelican Bay State Prison.  In both actions, he appeared to be
18  complaining about events and omissions that occurred in the 1990s because, although he does not
19  allege when the assaults occurred, he attached to the complaints in both cases excerpts of his
20  medical records from 1996-1997 for his reports of sexual assaults.  *Compare* Docket No. 1 at 6-7
21  *with* Docket No. 1 at 10 and 41 in *Smith v. Pelican Bay State Prison*, Case No. C 14-2162 EMC.
22  (In the 2014 action, Mr. Smith filed additional medical and mental health care records indicating
23  that sexual assault testing had negative results and that his reports of sexual assaults appeared to
24  be delusional.  Docket No. 1 at 1-4 in *Smith v. Pelican Bay State Prison*, Case No. C 14-2162
25  EMC.)  The earlier action was "dismissed because it was filed more than a dozen years too late
26  and is barred by the statute of limitations."  Docket No. 6 at 1 in *Smith v. Pelican Bay State*
27  *Prison*, Case No. C 14-2162 EMC.

3

Mr. Smith must show cause in a writing filed no later than **May 6, 2016**, why this action should not be dismissed as duplicative of the 2014 action. Failing to file the written response to the order to show cause will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: April 11, 2016

_____
EDWARD M. CHEN
United States District Judge